STATE OF MAINE                    SUPERIOR COURT
CUMBERLAND, ss.                   CRIMINAL ACTION
                                  DOCKET NO. CR-15-2234

STATE OF MAINE

v.                                ORDER ON MOTION TO SUPPRESS

TIMOTHY MICHAEL THOMAS

## Introduction

Pending is Timothy Thomas' motion to suppress evidence arising out of

statements made by him to Detective Dunham of the Portland Police Department on

February 20, 2015 concerning sexual contact with a sixteen-year old girl. The State

charged Thomas with a single count of a sexual abuse of a minor, Class C, 17-A

M.R.S.A. § 254(1)(A-2. Thomas alleges in his motion that any statements he made were

involuntary and made in the absence of the *Miranda* warnings under *Miranda v. Arizona*,

384 U.S. 436. 478-79, 86 S. Ct. 1602, 16 L. Ed. 694 (1966). His motion raises the

question about promises as a form of coercion to elicit statements that were not made

voluntarily.

At the hearing on the motion to suppress, the State presented one witness,

Detective Dunham, and an audio of the interview with Thomas. After considering all of

the evidence, this court concludes for the reasons set forth below that the motion to

suppress is denied.

## Discussion

The burden is on the State to prove beyond a reasonable doubt that Hunt's

statements were voluntary. *See State v. Sawyer*, 2001 ME 88, ¶ 8, 772 A. 2d 1173. The

1

court must consider the totality of the circumstances in determining whether a confession is voluntary. *Id.* at ¶ 7. "In order to find a statement voluntary, it must first be established that it is the result of defendant's exercise of his own free will and rational intellect." *Id.* at ¶ 8 (citation omitted). Factors to consider in doing this analysis include the following: details of the interrogation; duration of the interrogation; location of the interrogation; whether interrogation was custodial; recitation of the *Miranda* warnings; the number of officers involved; the persistence of the officers; police trickery; any threats, promises or inducements made; and the defendant's age, physical and mental health, emotional stability and conduct. *Id.* at ¶ 9. "To be voluntary, a confession must be the free choice of a rational mind, fundamentally fair, and not a product of coercive police conduct." *State v. Bryant*, 2014 ME 94, ¶ 16 (quoting *State v. Nightingale*, 2012 ME 132, ¶ 17).

The record contains these facts bearing upon voluntariness of Thomas' statement:

Two officers went to Thomas' worksite at Extramart on Brighton Avenue. Thomas recognized Dunham and said hello to Dunham by name. Thomas knew Dunham from an earlier incident similar to the one under investigation. The officers were not in police attire and arrived in an unmarked police cruiser. Det. Dunham told Thomas he wanted to speak to him about an incident and asked if he would come outside. It was cold out and Dunham intended to speak with Thomas in the cruiser. Thomas sat in the back seat of the cruiser. The other detective sat in the front passenger seat. Dunham sat in the driver's seat. The back door of the police cruiser automatically locks when the door is shut. Det. Dunham took the driver's manual and told Thomas to use the manual to prevent the door from locking. This was approximately at the noon lunch hour. Det.

2

Dunham told Thomas he was not under arrest and he would be free to leave then interview done, no matter what he says. At this early stage of the proceedings, the detectives did not intend to arrest Thomas.

Detective Dunham began the interview. He told Thomas that he wanted to talk about a young lady named Brianna. Thomas filled in her last name for Dunham. Thomas thought they were going to talk about photographs of his genitals that he sent her. Det. Dunham said, no, something else. Thomas knew that Brianna was at Thornton Academy and fifteen years old. Dunham asked, "what happened?" Initially, Thomas was reluctant to speak about anything more than the photos. Det Dunham reminded him he was not under arrest and that no matter what he tells the Detective he will not be arrested. Det. Dunham asked what else was going on. Thomas said other things happened with her. She sent a photo through messenger of her breast. Finally he said he brought her to his house, that she had a crush on him and he told her that they had to wait until she was 18 or 21 before any relationship. Thomas mentioned about keeping off of the registry. Dunham repeated that no matter what Thomas tells him, he is not under arrest.

Det. Dunham says, I know that you had consensual sex with her. Thomas asked whether it was like before with another 10 years on the registry. Det. Dunham responded, "I can only tell you that "ten years is better than life." Dunham summarized that she ha a teenage infatuation with him and as a guy he responded. Dunham repeated to Thomas that he was not under arrest. Thomas eventually conceded that he had picked her up, taken her to his apartment and had vaginal intercourse and each went down on the other. Thomas said they discussed plans for the future, having kids but he wanted her to finish high school. He admitted that if she were here right now, he would say he was sorry for

3

putting them in this position. When asked what should happen to him, Thomas responded that he needs to get back into counseling, one on one with Steve Thomas, needs to know if this is genetic or mental. When asked if anything else, he responded, "just get me into counseling. I know I am probably going back to jail, but won't help e. Just get me in counseling and on probation." Thomas then exited the police cruiser and walked back to the store.

Initially, the Detective conducted a non-accusatory interview of Thomas and his answers disclosed how he knew Brianna, her family, and their exchange of messages with photos of her breast and his gentalia. Thomas evaded for a while explaining what took place. Detective Dunham talked about knowing that they had a sexual relationship and reminding Thomas repeatedly through out the interview that he was not under arrest and would not be arrested no matter what he told Detective Dunham. Thomas expressed concern that this is the same type of situation last time and asked whether he would have a 10-year registration. Det. Dunham did not know what it would be but said "ten years better than life."

Scrutinizing all of the circumstances surrounding the police questioning before Thomas was charged with the crime, there is no evidence of any police trickery, threats, promises or inducements.[1] Thomas walked freely out to the officer's cruiser. He was not handcuffed nor escorted to the cruiser. The officers were there to get Thomas' side of the story. Thomas knew Det. Dunham from an earlier situation. Indeed, it was Thomas who

---

[1] The court rejects Thomas' claim that the police interrogation techniques employed by the detectives were unfair or improper. There is nothing illegal with minimizing the crime nor is there any requirement to advise of *Miranda* when an interview is noncustodial. There is also nothing illegal with challenging a defendant's denial by stating to the defendant that the evidence show otherwise, or trying to narrow and shift the focus of the investigation on the critical issues, rather than possible outcomes in the case.

said this is the same type of situation last time and stated I would have a ten year registration. The officer didn't know but responded "ten years is better to life." Coming from the officer, Thomas may assume that the officer would know what the registration time period would be, so it is possible that this flippant answer misled Thomas, but it does not rise to the level trickery or unfair or improper questioning.

Through out the interview, Thomas appeared to be alert and rational, and he could respond to questions with appropriate answers. He answered the officer's questions albeit reluctantly, but nevertheless ultimately answered the questions. Thomas at times even chose the topic of the interview, asking about the sex registration list. The audio does not disclose any bizarre, psychotic or any drug-induced behavior. There was no indication of any impairment of Thomas's physical or mental condition. The officer was speaking with Thomas in a relaxed and conversational manner about Thomas' relationship to young woman, and his contact with her. They spoke "man-to-man". Thomas did not demonstrate any difficulty during the interview except his reluctance to discuss their sexual relationship. Considering the totality of the circumstances, the statement was voluntary and was a product of his own free will and rational intellect. The detectives interviewing techniques were fundamentally fair and Thomas' confession was not a product of coercive police conduct.

Thomas contended in his motion that the failure to advise him of his rights under *Miranda* requires that the court suppress any statements he made. Thomas' argument on this point is without merit.

## Discussion

*Miranda and Voluntariness of Statements Before Arrest*

5

The burden is on the State to prove beyond a reasonable doubt that Thomas's statement was voluntary. *See State v. Sawyer*, 2001 ME 88, ¶ 8, 772 A. 2d 1173. The court must consider the totality of the circumstances in determining whether a confession is voluntary. *Id.* at ¶ 7. "In order to find a statement voluntary, it must first be established that it is the result of defendant's exercise of his own free will and rational intellect." *Id.* at ¶ 8 (citation omitted). Factors to consider in doing this analysis include the following: details of the interrogation; duration of the interrogation; location of the interrogation; whether interrogation was custodial; recitation of the *Miranda* warnings; the number of officers involved; the persistence of the officers; police trickery; any threats, promises or inducements made; and the defendant's age, physical and mental health, emotional stability and conduct. *Id.* at ¶ 9.

Scrutinizing all of the circumstances surrounding the police questioning, there is no evidence of any police trickery, threats, promises or inducements. Thomas appeared to be alert and rational, and he could respond to questions with appropriate answers. There was no indication of any impairment of Thomas's physical or mental condition. The officer was speaking with Thomas in a conversational manner about his relationship with a young woman. The officer's question and Thomas's answers were voluntary under all of the circumstances.

Thomas contends that the failure to advise him of his rights under *Miranda* requires that the court suppress any statements he made. It is well-settled law that the police must give a *Miranda* warning to a person subject to custodial interrogation in order for the statements made in the course of the interrogation to be admissible against that person. "A suspect who is not formally arrested is subjected to a custodial

6

interrogation if the suspect's freedom of movement has been restrained 'to the degree associated with a formal arrest.'" *State v. Lockhart*, 2003 ME 108, ¶ 17, 830 A. 2d 433, 441, quoting *State v. Higgins*, 2002 ME 77, ¶ 12 796 A. 2d 50, 54.

When Thomas made the statements, he was not under arrest and indeed the officer told him he would not be arrested no matter what he told them. Thomas walked from the store to the unmarked police vehicle. He was not handcuffed. Thomas sat in the back seat of the cruiser. The other detective sat in the front passenger seat. Dunham sat in the driver's seat. The back door of the police cruiser automatically locks when the door is shut; yet, Det. Dunham took the driver's manual and told Thomas to use the manual to prevent the door from locking. Det. Dunham repeatedly told Thomas he was not under arrest and he would be free to leave when the interview was done, no matter what he says. After the interview, Thomas got out of the unmarked police vehicle and went back into the store.

Considering the factors outlined in *State v. Michaud*, viewed in their totality, the court concludes that the defendant was not in custody. *See State v. Michaud*, 1998 ME 251, ¶ 4, 724 A.2d 1222, 1226. On this record, a reasonable person in the defendant's position would not have concluded that he was "in police custody and constrained to a degree associated with formal arrest." *See id.* Accordingly, no *Miranda* warnings were required in order for the defendant's answers to the officer's questions to be admissible. *See State v. Holloway*, 2000 ME 172, ¶ 13, 760 A.2d 223, 228.

7

## Conclusion

The entry will be:

Defendant's motion to suppress is DENIED.

Date: December 7, 2015

Joyce A. Wheeler
Justice, Superior Court

8

STATE OF MAINE
  vs
TIMOTHY MICHAEL THOMAS
1329 FOREST AVE
PORTLAND ME 04103

CRIMINAL DOCKET
CUMBERLAND, ss.
Docket No   CUMCD-CR-2015-02234

**DOCKET RECORD**

DOB: 01/02/1981
Attorney: RUBIN SEGAL
          LAW OFFICE OF RUBIN G.SEGAL
          97 INDIA STREET, FLOOR 2
          PORTLAND ME 04101
          APPOINTED 05/07/2015

State's Attorney: STEPHANIE ANDERSON

Filing Document: CRIMINAL COMPLAINT
Filing Date: 04/17/2015

Major Case Type: FELONY (CLASS A,B,C)

## Charge(s)

1   SEXUAL ABUSE OF MINOR                    02/14/2015 PORTLAND
Seq 8392  17-A  254(1)(A-2)        Class C
   DUNHAM              / POR

## Docket Events:

04/23/2015 FILING DOCUMENT -  CRIMINAL COMPLAINT FILED ON 04/17/2015

04/23/2015 Charge(s): 1
         HEARING -  INITIAL APPEARANCE SCHEDULED FOR 05/07/2015 at 08:30 a.m. in Room No.  1

         NOTICE TO PARTIES/COUNSEL
05/07/2015 BAIL BOND -  PR BAIL BOND FILED ON 05/07/2015

         Date Bailed: 05/07/2015
         927 BALWARD
05/08/2015 Charge(s): 1
         HEARING -  INITIAL APPEARANCE HELD ON 05/07/2015
         WILLIAM  BRODRICK , JUSTICE
         DA:  DEBORAH CHMIELEWSKI
         Defendant Present in Court

         FTR1
05/08/2015 Charge(s): 1
         HEARING -  DISPOSITIONAL CONFERENCE SCHEDULED FOR 07/22/2015 at 08:30 a.m. in Room No.  7

05/08/2015 Charge(s): 1
         TRIAL -  JURY TRIAL SCHEDULED FOR 08/24/2015 at 08:30 a.m. in Room No.  11

         NOTICE TO PARTIES/COUNSEL
05/08/2015 MOTION -  MOTION FOR APPOINTMENT OF CNSL GRANTED ON 05/07/2015
         WILLIAM  BRODRICK , JUSTICE
         COPY TO PARTIES/COUNSEL
05/08/2015 Party(s):  TIMOTHY MICHAEL THOMAS
         ATTORNEY -  APPOINTED ORDERED ON 05/07/2015

         Attorney:  RUBIN SEGAL

05/08/2015 Charge(s): 1
          SUPPLEMENTAL FILING -  INDICTMENT FILED ON 05/07/2015
          SARAH  HEAD , ASSISTANT CLERK
05/08/2015 Charge(s): 1
          HEARING -  ARRAIGNMENT SCHEDULED FOR 06/04/2015 at 08:30 a.m. in Room No.  1

05/08/2015 Charge(s): 1
          HEARING -  ARRAIGNMENT NOTICE SENT ON 05/08/2015

06/04/2015 Charge(s): 1
          HEARING -  ARRAIGNMENT HELD ON 06/04/2015
          WILLIAM  BRODRICK , JUSTICE
          Attorney:  RUBIN SEGAL
          DA:  TRACY GORHAM
          Defendant Present in Court


          DEFENDANT INFORMED OF CHARGES.  21 DAYS TO FILE MOTIONS                    FTR1
06/04/2015 Charge(s): 1
          PLEA -  NOT GUILTY ENTERED BY DEFENDANT ON 06/04/2015
          WILLIAM  BRODRICK , JUSTICE
          DA:  TRACY GORHAM
06/26/2015 MOTION -  MOTION TO REVOKE BAIL FILED BY STATE ON 06/26/2015

06/30/2015 BAIL BOND -  CASH BAIL BOND SET BY COURT ON 06/26/2015
          MARY  KELLY , JUDGE
          $2,500. OR MPS W/ $1,000.
07/22/2015 Charge(s): 1
          HEARING -  DISPOSITIONAL CONFERENCE HELD ON 07/22/2015
          JOYCE A WHEELER , JUSTICE
          Attorney:  RUBIN SEGAL
          DA:  DEBORAH CHMIELEWSKI
          CONTINUED TO MOTIONS. MOTION TO SUPPRESS TO BE FILED.
07/23/2015 MOTION -  MOTION TO SUPPRESS STATEMENT FILED BY DEFENDANT ON 07/23/2015

07/23/2015 HEARING -  MOTION TO SUPPRESS STATEMENT SCHEDULED FOR 08/04/2015 at 01:00 p.m. in Room No.  1

          NOTICE  TO PARTIES/COUNSEL
08/04/2015 HEARING -  MOTION TO SUPPRESS STATEMENT HELD ON 08/04/2015
          JOYCE A WHEELER , JUSTICE
          Attorney:  RUBIN SEGAL
          DA:  DEBORAH CHMIELEWSKI
          Defendant Present in Court


          FTR CR#1                                                     STATE CALLS
          DET. DUNHAM; STATE RESTS. DEFENSE EXHIBIT 1 SUBMITTED.
08/05/2015 MOTION -  MOTION TO SUPPRESS STATEMENT UNDER ADVISEMENT ON 08/04/2015
          JOYCE A WHEELER , JUSTICE
08/05/2015 CASE STATUS -  CASE FILE LOCATION ON 08/04/2015

          W/ J. WHEELER. MOTION TO SUPPRESS UNDER ADVISEMENT.
08/13/2015 Charge(s): 1
          TRIAL -  JURY TRIAL CONTINUED ON 08/04/2015

08/13/2015 TRIAL -  JURY TRIAL SCHEDULED FOR 09/28/2015 at 08:30 a.m. in Room No.  11

         NOTICE TO PARTIES/COUNSEL
08/13/2015 TRIAL -  JURY TRIAL NOTICE SENT ON 08/13/2015

09/09/2015 MOTION -  MOTION TO CONTINUE FILED BY DEFENDANT ON 09/09/2015

         Attorney:  RUBIN SEGAL
         TO CONTINUE JURY SELECTION 9/28/15                    NO OBJECTION BY
         STATE
09/17/2015 MOTION -  MOTION TO CONTINUE GRANTED ON 09/15/2015
         ROLAND A COLE , JUSTICE
         COPY TO PARTIES/COUNSEL
09/17/2015 TRIAL -  JURY TRIAL CONTINUED ON 09/15/2015
         ROLAND A COLE , JUSTICE
09/17/2015 Charge(s): 1
         TRIAL -  JURY TRIAL SCHEDULED FOR 10/26/2015 at 08:30 a.m. in Room No.  11

         NOTICE TO PARTIES/COUNSEL
09/17/2015 Charge(s): 1
         TRIAL -  JURY TRIAL NOTICE SENT ON 09/17/2015
         JIM  PAUL TURCOTTE , ASSISTANT CLERK
10/26/2015 Charge(s): 1
         TRIAL -  JURY TRIAL CONTINUED ON 10/26/2015 at 08:30 a.m. in Room No.  11
         ROLAND A COLE , JUSTICE
         TO BE RESET WHEN MOTION TO SUPPRESS DECISION IS ENTERED
12/07/2015 ORDER -  COURT ORDER FILED ON 12/07/2015
         JOYCE A WHEELER , JUSTICE
          DEFENDANT'S MOTION TO SUPPRESS IS DENIED.
12/07/2015 MOTION -  MOTION TO SUPPRESS STATEMENT DENIED ON 12/07/2015
         JOYCE A WHEELER , JUSTICE
         COPY TO PARTIES/COUNSEL

A TRUE COPY
ATTEST: _____
                    Clerk